IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN HOWARD, | ) | CASE NO. 3:18 CV 303 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **REPORT &** |
| | ) | **RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of plaintiff Shawn Howard for supplemental security income. The Commissioner has answered[2] and filed the transcript of the administrative record.[3] Under my initial[4] and procedural[5] orders, the parties have

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated February 8, 2018.
[2] ECF No. 11.
[3] ECF No. 12.
[4] ECF No. 6.
[5] ECF No. 13.

briefed their positions[6] and filed supplemental charts[7] and the fact sheet.[8]  They have participated in oral argument.[9]

## Facts

**A.**    **Background facts and decision of the Administrative Law Judge ("ALJ")**

Howard, who was 46 years old at the time of the hearing,[10] completed the eighth grade and had earned his GED.[11]  His past relevant work experience consisted of a machine operator.[12]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Howard had severe impairments consisting of: degenerative changes of the lumbar spine; history of L3 compression fracture; obesity; anxiety; and depressive disorder, trauma-related disorder, and stressor-related disorder.[13]

The ALJ found Howard had the residual functional capacity ("RFC") for light work as defined in the regulations, with additional limitations.[14]  The ALJ decided that this RFC precluded Howard from performing his past relevant work.[15]

---

[6] ECF No. 15 (Commissioner's brief); ECF No. 14 (Howard's brief).
[7] ECF No. 15, Attachment 1 (Commissioner's charts); ECF No. 14, Attachment 1 at 3-13 (Howard's charts).
[8] ECF No. 14, Attachment 1 at 1-2 (fact sheet).
[9] ECF No. 17.
[10] ECF No. 14, Attachment 1 at 1.
[11] *Id.*
[12] *Id.*
[13] ECF No. 12, Transcript ("Tr.") at 12.
[14] *Id.* at 19.
[15] *Id.* at 29.

Based on the testimony of the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Howard could perform.[16]  The ALJ, therefore, found Howard not under a disability.[17]

**B.    Issues on judicial review**

Howard asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Howard presents the following issues for judicial review:

- Whether the ALJ committed reversible error by failing to find Howard's headaches a severe impairment.

- Whether the ALJ committed reversible error by improperly evaluating Howard's treatment history.

- Whether the ALJ committed reversible error by not giving controlling weight to the opinions of Howard's treating physicians, Drs. Oni and Schuler.

- Whether the ALJ committed reversible error by improperly evaluating the opinion of Joshua Line, O.T.[18]

The Court recommends that the ALJ's no disability finding lacks substantial evidence and, therefore, must be reversed and remanded for further administrative proceedings.

---

[16] *Id.* at 30.
[17] *Id.* at 31.
[18] ECF No. 14 at 1.

3

# Analysis

**A.      Applicable legal principles**

*1.      Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner survives "a directed verdict" and wins.[20]  The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

### 2.    *Treating source rule and "good reasons" requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[22] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[23] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[24]  If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[25]  This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 416.927(c)(2)(i)-(ii), (3)-(6).[26]  The court cautioned against collapsing these two distinct analyses into one.[27]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[28]  Also, despite the reality that a unified

---

[22] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[23] *Id.* at 375-76.
[24] *Id.* at 376.
[25] *Rogers*, 486 F.3d at 242.
[26] *Gayheart*, 710 F.3d at 376.
[27] *Id.*
[28] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).

statement of these "good reasons" greatly enhances meaningful judicial review,[29] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[30] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both. An ALJ cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[31] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[32] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[33] "Put simply, . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[34]

## B.    Application of legal principles

Howard argues that any of four errors require a remand:

---

[29] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).

[30] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).

[31] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).

[32] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251, at *8 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).

[33] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).

[34] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

(1)     The failure to find migraine headaches a severe impairment at Step Two;

(2)     The failure to properly evaluate Howard's treatment history;

(3)     The failure to assign controlling weight to Howard's treating physician's opinion;  and

(4)     The failure to properly evaluate the opinion of an occupational therapist, who performed an RFC evaluation of Howard.

The dispositive issues relate to the evaluation of and the weight assigned to the opinions of the treating physician and the occupational therapist.  Howard's treating physician, Dr. Suzanne Schuler, had a treating relationship that began in November of 2015[35] and continued at least through the time of her RFC opinion in August of 2016.[36] There is no question that if her opinion received controlling or great weight, a finding of disability would follow.  The ALJ assigned the opinion little weight as inconsistent with the totality of the evidence.[37]   As Howard's brief points out,[38] the ALJ prepared a boilerplate articulation that her decision repeats verbatim for the discussion of weight assigned to every source opinion, inserting the words "consistent" or "inconsistent" depending on the weight assigned.  This applies with equal force to the RFC opinion of the occupational therapist.[39]   Dr. Schuler referred Howard for the occupational therapy

---

[35] Tr. at 455.

[36] *Id.* at 403-04.

[37] *Id.* at 24-25.

[38] ECF No. 14 at 23.

[39] Tr. at 26-27.  The occupational therapist's opinion appears at Tr. 490-504.

evaluation and relied heavily on the occupational therapist's findings and opinions in forming her opinion.[40]

Perhaps out of frustration for judicial insistence on meaningful articulation in support of the weight assigned to medical sources, the ALJ here adopted the unorthodox approach of drafting one articulation statement that purported to summarize the medical evidence "consistent" with her RFC finding and then repeating that statement more or less verbatim in assessing the weight given to each source.  If the source's opinion supported her RFC finding, it received great weight; if not, little or no weight.

This approach has several deficiencies.  First, the boilerplate relies heavily on medical records that pre-date the treating relationship between Howard and Dr. Schuler. Second, the opinions of the state agency reviewing sources, which the ALJ assigned great weight, also pre-date that treating relationship.  Furthermore, the ALJ improperly cherry-picked the cited record evidence, ignoring a multitude of positive findings – including straight leg raise tests – in the process.[41]  And perhaps most significantly, the majority of the evidence cited in the boilerplate does not speak to the severity of Howard's impairments during the time relevant to Dr. Schuler's treating relationship and the limitations caused thereby during that time period.

---

[40] *Id.* at 404.
[41] *See, e.g., id.* at 352, 354, 356, 384, 406, 409.

As the ALJ ignored contrary evidence[42] and failed to build an accurate and logical bridge from the evidence to her conclusions,[43] the no disability finding must be reversed and this matter remanded for further administrative proceedings.

## Conclusion

The Commissioner's finding that Howard had no disability lacks substantial evidence.  Accordingly, I recommend that the decision of the Commissioner denying Howard supplemental security income be reversed and remanded for further administrative proceedings.  On remand, the ALJ must properly analyze and weigh the treating source opinion of Dr. Schuler, as well as the opinion of Joshua Line, O.T., on which Dr. Schuler's opinion relies.

IT IS SO RECOMMENDED.

Dated: December 7, 2018                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

---

[42] *Schrader v. Astrue*, No. 11-13000, 2012 WL 5383120, at *6 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked.") (citing *Morris v. Sec'y of Health & Human Servs.*, 845 F.2d 326 (6th Cir. 1988)).

[43] *Hale*, 2014 WL 868124, at *8; *Watkins v. Comm. of Soc. Sec.*, No. 1:16-cv-2643, 2017 WL 6419350, at *8 (N.D. Ohio Nov. 22, 2017) ("Finally, a district court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [when] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'") (citing and quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)), *report and recommendation adopted by* 2017 WL 6389607 (N.D. Ohio Dec. 14, 2017).

9

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[44]

---

[44] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).